■ ANTHONY LALOMIA, Respondent, v. ROSCO BIGGERS et al., Appellants.

APPEAL by permission of the Appellate Division of the Supreme Court in the First Judicial Department from a determination of the Appellate Term of the Supreme Court in the same department, entered June 17, 1965, which reversed a judgment of the Civil Court of the City of New York, County of Bronx, in favor of defendants in a personal injury negligence action.

*Per Curiam.* Defendants-appellants appeal by leave of this court from an order of the Appellate Term entered June 17, 1965, which reversed a judgment of the Civil Court, entered May 8, 1964, on a jury verdict in favor of the defendants. Defendants-appellants have stipulated to judgment absolute in the event of an affirmance.

This cause of action for personal injuries arose out of an accident which occurred March 25, 1959, in which a truck owned by the corporate defendant, then being operated by the individual defendant, collided with the rear of an automobile operated by plaintiff. The versions of the accident as recited by the individual parties were not entirely in accord. On the account as given by the defendant the trial court could properly charge (as it did) on the issue of unavoidable accident. It is noted the court charged fully on the issues of negligence and contributory negligence as well. The jury returned a verdict for the defendants.

On appeal the Appellate Term reversed, finding no necessity for the charge on the question of unavoidable accident, noting as well that the jury might not have believed the plaintiff sustained any injury.

The determination appealed from should be reversed on the law and the verdict of the jury reinstated, with costs to appellants in all courts. It is now so well recognized that the mere happening of an accident does not establish negligence that citation of authority is unnecessary. "It is [also] settled that a jury verdict in favor of a defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence" (*Marton* v. *McCasland,* 16 A D 2d 781, 782). The evidence permitted a charge of unavoidable accident and the jury could properly have so found. By the same token it could reasonably have concluded that plaintiff suffered no injuries as a result of the accident. Viewed in either or both lights the jury by a fair interpretation of the evidence could have concluded as it did.

Breitel, J. P., McNally, Stevens and Eager, JJ., concur.

Determination of the Appellate Term unanimously reversed, on the law, with $50 costs and disbursements to the appellants in this court, and with costs to the appellants in all courts, and the verdict of the jury reinstated.

■ CHARLES UTRACCHI, Appellant, v. LASALA MASON CORPORATION, Respondent.— Order entered October 18, 1965, unanimously affirmed, with $30 costs and disbursements to respondent, but on condition that defendant stipulates, if plaintiff so requests, to the granting of an order changing the venue to Westchester County, the stipulation to be made within fifteen days after plaintiff's request. Concur — Rabin, J. P., McNally, Stevens and Eager, JJ.